Felix C. Benvenga, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the police commissioner dismissing petitioner from his position of patrolman, and for other relief.
It is not disputed that petitioner, after having successfully passed a written civil service examination, was certified by the civil service commission for appointment, and was duly appointed a probationary patrolman in the police department. Thereafter, and before the termination of petitioner’s probationary period, the police commissioner conducted an oral and written examination to determine the merit and fitness of petitioner as a patrolman, and because petitioner attained a rating which was below the general average, his services were terminated at the expiration of his probationary term.
The question presented is whether the police commissioner, in conducting the said examination, acted in excess of his statutory jurisdiction and authority.
Under the law, appointments in the civil service are made “ according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ” (N. Y. Const., art. V, § 6; Civil Service Law, § 14). However, all appointments are for a probationary period, and the civil service commission is given the power and authority, by rule having the force and effect of law (Civil Service *108 Law, § 6), to “ provide for the conditions and extent of probationary service ” (Civil Service Law, § 9). And by rule, the commission has provided that there shall be a probationary period of six months for all permanent appointments, at the end of which period the appointing officer may terminate the employment of any ‘‘ unsatisfactory employee” by notice to the employee and the commission (N. Y. City Mun. Civ. Serv. Comm. Rules, rule V, § 8, subd. 3, par. [a]; Administrative Code of City of New York, § 434a-9.0).
In order to determine whether a probationary patrolman would make a satisfactory permanent employee, he is assigned to the Police Academy for a period of three months ‘ ‘ for instructions and training * * * in basic principles of police practice and procedure ” (Rules and Regulations of Police Department, §§ 16, 19; Manual of Procedure of Police Department, art. 23, §§ 1, 2, 5, 9). Following such instructions and training, he is given an examination, in accordance with the announcement of the civil service commission, to “ test ”, among other things, his knowledge of the “ law affecting the work of the Police Department ”. (In this connection see: Lewis, “ Are You As Smart As A Cop? ”, This Week Magazine, Jan. 22, 1956, pp. 20-21.) Because of petitioner’s low rating on such an examination, his services were terminated.
It would seem, therefore, that there is sufficient basis for the finding that petitioner is an “ unsatisfactory employee ”; for, as has been pointed out, “ an applicant for a position in the civil service * * * might be entirely qualified so far as his attainments disclosed by a civil service examination were concerned, and still be wholly unfit to occupy the position by reason of * * * inadaptability to the service ”, etc. (People ex rel. Sweet v. Lyman, 157 N. Y. 368, 380-381.)
It is true that, since this proceeding was instituted, the civil service commission has included in its announcement of the forthcoming patrolman examination, specific reference to the fact that probationary patrolmen are required successfully to complete the course of study at the Police Academy. But that statement simply calls attention to a rule or regulation which existed at the time petitioner took his civil service examination and for a long time prior thereto. There is nothing new in that announcement, and the fact that prior announcements contained no such reference is not significant.
It may be, as petitioner alleges, that during his probationary term, he arrested a man who had slashed his wife to death and that he was commended therefor by his commanding officer. I must assume, however, that the matter was called to the atten *109 tion of the police commissioner, and that, notwithstanding this alleged act of heroism, his services were terminated. Nevertheless, the action of the police commissioner in discontinuing petitioner’s employment as an “ unsatisfactory ” patrolman cannot, as a matter of law, he said to be arbitrary or capricious or in excess of authority.
The petition is therefore dismissed as legally insufficient.